UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FELICIA NASH-TAYLOR,

    Plaintiff,

v.

DIAGNOSTIC CENTER OF MEDICINE,

    Defendant.

2:11-cv-1128-LRH-RJJ

ORDER

Before the court is defendant Diagnostic Center of Medicine LLP's ("Diagnostic Center") motion to dismiss plaintiff's first claim for relief. Doc. #8.[1] Plaintiff Felicia Nash-Taylor ("Nash-Taylor") did not file an opposition.

On July 7, 2011, Nash-Taylor, a former employee of Diagnostic Center, filed a complaint alleging four causes of action: (1) sexual harassment and retaliation; (2) discrimination; (3) negligent infliction of emotional distress; and (4) negligent hiring, retention, and supervision. Doc. #1. Thereafter, Diagnostic Center filed the present motion to dismiss Nash-Taylor's first cause of action for failure to file a state discrimination charge (Doc. #8) to which Nash-Taylor did not respond.

While the failure of an opposing party to file points and authorities in response to any

---

[1] Refers to the court's docketing number.

motion shall constitute a consent to the granting of the motion under LR 7-2(d), Nash-Taylor's failure to file an opposition, in and of itself, is an insufficient ground for dismissal of her claim. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a cause of action, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissing Nash-Taylor's first cause of action. The need for the expeditious resolution of cases on the court's docket is strong. Diagnostic Center has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to plaintiff because Nash-Taylor has shown an unwillingness to continue litigating this cause of action which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal of Nash-Taylor's first cause of action is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #8) is GRANTED. Plaintiff's first cause of action for sexual harassment and retaliation is DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE