1
2
3
4
5

                                            **UNITED STATES DISTRICT COURT**

                                                **DISTRICT OF NEVADA**

                                                           * * *

| | | |
|---|---|---|
| FELICIA NASH-TAYLOR | ) ) ) | |
| Plaintiff, | ) ) | 2:11-cv-1128-LRH-RJJ |
| v. | ) ) | |
| DIAGNOSTIC CENTER OF MEDICINE, | ) ) | <u>AMENDED ORDER</u> |
| Defendant. | ) ) | |

The following order amends the court's November 15, 2011 order. Doc. # 11.

Before the court is defendant Diagnostic Center of Medicine LLP's ("Diagnostic Center") motion to dismiss plaintiff's second claim for relief. Doc. #8.[1] Plaintiff Felicia Nash-Taylor ("Nash-Taylor") did not file an opposition.

On July 7, 2011, Nash-Taylor, a former employee of Diagnostic Center, filed a complaint alleging four causes of action: (1) sexual harassment and retaliation; (2) discrimination; (3) negligent infliction of emotional distress; and (4) negligent hiring, retention, and supervision. Doc. #1. Thereafter, Diagnostic Center filed the present motion to dismiss Nash-Taylor's second cause of action for failure to file a state discrimination charge (Doc. #8) to which Nash-Taylor did not respond.

---

[1] Refers to the court's docketing number.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Nash-Taylor's failure to file an opposition, in and of itself, is an insufficient ground for dismissal of her claim. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a cause of action, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissing Nash-Taylor's second cause of action. The need for the expeditious resolution of cases on the court's docket is strong. Diagnostic Center has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to plaintiff because Nash-Taylor has shown an unwillingness to continue litigating this cause of action which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal of Nash-Taylor's second cause of action is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #8) is GRANTED. Plaintiff's second cause of action for discrimination is DISMISSED.

IT IS SO ORDERED.

DATED this 22nd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE