1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                              * * *
                                                )
9     FELICIA NASH-TAYLOR                        )
                                                )
10                   Plaintiff,                  )              2:11-cv-1128-LRH-RJJ
                                                )
11    v.                                         )
                                                )              AMENDED ORDER
12    DIAGNOSTIC CENTER OF MEDICINE,             )
                                                )
13                   Defendant.                  )
      _____        )

14

15            The following order amends the court's November 15, 2011 order. Doc. # 11.

16            Before the court is defendant Diagnostic Center of Medicine LLP's ("Diagnostic Center")

17    motion to dismiss plaintiff's second claim for relief. Doc. #8.[1] Plaintiff Felicia Nash-Taylor

18    ("Nash-Taylor") did not file an opposition.

19            On July 7, 2011, Nash-Taylor, a former employee of Diagnostic Center, filed a complaint

20    alleging four causes of action: (1) sexual harassment and retaliation; (2) discrimination;

21    (3) negligent infliction of emotional distress; and (4) negligent hiring, retention, and supervision.

22    Doc. #1. Thereafter, Diagnostic Center filed the present motion to dismiss Nash-Taylor's second

23    cause of action for failure to file a state discrimination charge (Doc. #8) to which Nash-Taylor did

24    not respond.

25

26
                     [1] Refers to the court's docketing number.

1    While the failure of an opposing party to file points and authorities in response to any

2    motion shall constitute a consent to the granting of the motion under LR 7-2(d), Nash-Taylor's

3    failure to file an opposition, in and of itself, is an insufficient ground for dismissal of her claim. *See*

4    *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a cause of action, a district

5    court is required to weigh several factors: (1) the public's interest in the expeditious resolution of

6    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the

7    public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic

8    sanctions. *Id*.

9    Here, these factors weigh in favor of dismissing Nash-Taylor's second cause of action. The

10   need for the expeditious resolution of cases on the court's docket is strong. Diagnostic Center has

11   an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to

12   plaintiff because Nash-Taylor has shown an unwillingness to continue litigating this cause of action

13   which weighs in favor of granting the motion. Additionally, although public policy favors a

14   resolution on the merits, the court finds that dismissal of Nash-Taylor's second cause of action is

15   warranted in light of these other considerations.

16

17   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #8) is

18   GRANTED. Plaintiff's second cause of action for discrimination is DISMISSED.

19   IT IS SO ORDERED.

20   DATED this 22nd day of November, 2011.

21   _____

22   LARRY R. HICKS

23   UNITED STATES DISTRICT JUDGE

24

25

26

2